KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Noel Larson

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noel Larson, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Medical Society Business Services, Inc. d/b/a Bureau of Medical Economics; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Noel Larson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Noel Larson (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Medical Society Business Services, Inc. d/b/a Bureau of Medical Economics (hereafter "BME"), is a company with an address of 326 East Coronado Road, Phoenix, Arizona 85004, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by BME and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. BME at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Alleged Debt**

8. The Plaintiff allegedly incurred financial obligations (the "Debt(s)") to original creditors (the "Creditors").

9. The alleged Debts arose from services provided by the Creditors which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debts were purchased, assigned or transferred to BME for collection, or BME was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debts and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     BME Engages in Harassment and Abusive Tactics**

12. On April 20, 2012, with the assistance of her credit analyst, Plaintiff placed an outbound call to BME on April 20, 2012 after she noticed two different Debts on her credit report which BME was attempting to collect on.

3

13. Plaintiff spoke with BME representative "Dan Moore" and asked to pay the two Debts off.

14. BME demanded that Plaintiff, in addition to paying the two Debts, also pay a third Debt to BME.

15. Plaintiff notified BME that the statute of limitations had passed on the third Debt and that it is no longer appearing on Plaintiff's credit report.

16. Plaintiff informed BME that she is not interested in paying the third Debt, but that she would like to immediately pay the two Debts showing on her credit report.

17. BME refused to accept any payments towards the two Debts on Plaintiff's credit report unless Plaintiff also paid the third Debt as well.

18. BME threatened Plaintiff that BME would re-report the third Debt to the credit reporting agencies the very next day despite the fact that the statute of limitations had passed on the Debt and it had been previously removed from Plaintiff's credit report for this reason.

19. BME told Plaintiff "I can have it [the third debt] on there [Plaintiff's credit report] by tomorrow!"

20. When Plaintiff informed BME that she could not afford to pay off all three Debts, BME demanded that Plaintiff submit a post-dated check to cover the third Debt in conjunction with paying off the other two Debts.

4

21. Upon information and belief, despite BME's threatening that it would re-report the third Debt on Plaintiff's credit, BME has not re-reported the Debt to date on Plaintiff's credit.

22. Plaintiff is attempting to close on the purchase of a home, and the closing could potentially be held up due to Defendants' failure to apply the payments Plaintiff attempted to make on the reported two Debts.

C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. The Defendants misrepresented the character, amount or legal status of a debt, in violation of 15 U.S.C. § 1692e(2).

29. The Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

30. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit, in violation of 15 U.S.C. § 1692f(2).

32. The Defendants did not apply payments to multiple debts in the order specified by the Plaintiff, in violation of 15 U.S.C. § 1692h.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.   The Plaintiff is entitled to damages as a result of the Defendants' violations, including any potential damages she may incur in the event the closing on her home purchase falls through as a result of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

    E.  Punitive damages; and

    F.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

7

| | | |
|---|---|---|
| 1 | DATED:  May 3, 2012 | LEMBERG & ASSOCIATES, LLC |

By: <u>  /s/   *Kindra Deneau*           </u>
Kindra Deneau

Attorney for Plaintiff
Noel Larson
8